

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

November 20, 1948

Hon. Lester Hay, Jr.
County Auditor
Falls County
Marlin, Texas

Opinion No. V-726.

Re: Fees of a County Clerk
in eminent domain pro-
ceedings.

Dear Sir:

Your request on the above subject matter is as follows:

"As the county auditor authorized by law for the County of Falls, I would request advice from your office concerning the maximum fees which a county clerk can collect in condemnation proceedings. The opinion of the County Attorney office is that the clerk entitled to the same fee as that allowed by law for civil cases, but Falls County Court is restricted in its jurisdiction to allow only criminal cases and it has no civil jurisdiction."

H. B. 239, Acts 1917, 35th Legislature, page 243, transferred the civil jurisdiction of the County Court of Falls County to the District Court. However, Section 1 of the Act provides that "The county court of Falls County shall hereafter have jurisdiction of eminent domain proceedings."

Title 52 of the Revised Civil Statutes of Texas, being Articles 3264 and 3271, provides for the condemnation of real estate for public use by the State, County, political subdivision of a county, city, or town, or by the United States Government.

Subdivisions 6 and 7, Article 3266, V.C.S., provide:

"6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto

in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

"7. If no objections to the decision are filed within ten days, the county judge shall cause said decision to be recorded in the minutes of his court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

Article 3267, V.C.S., reads as follows:

"The costs of the proceedings before the commissioners and in the court shall be determined as follows, to-wit: If the commissioners shall award greater damages than the plaintiff offered to pay before the proceedings commenced, or if objections are filed to the decision in the county court under the provisions of this title, and the judgment of the court is for a greater sum than the amount awarded by the commissioners, then the plaintiff shall pay all costs; but if the amount awarded by the commissioners as damages or the judgment of the county court shall be for the same or less amount of damages than the amount offered before proceedings were commenced, then the costs shall be paid by the owner of the property."

If no objection to the decision of the commissioners is filed within ten days and the decision is recorded in the minutes of the county court as provided in Subdivision 7 of Article 3266, the county clerk's fee would be one dollar for "each final judgment or decree." See Article 3930, V.C.S. If objection is made and the cause is tried in county court as provided in Subdivision 6 of Article 3266, the fees of the county clerk would be determined by the provisions of Article 3930, as in other civil causes in the county court.

According to the 1940 Federal Census, Falls County has a population of 35,984 inhabitants and its county officials are compensated on a salary basis. Article XVI, Section 61, Texas Constitution. Since Falls

County is on a "salary basis," the county clerk would not, however, be entitled to collect any of the above mentioned fees from the State or County. See Attorney General's Opinions Nos. V-21 and V-655. Therefore, if the court costs are assessed against the State or County, the county clerk is not entitled to any fee. If the court costs are assessed against the property owner, the clerk would be entitled to the fees provided in Article 3930, V.C.S., as in other civil causes in county court. Since Falls County is on a "salary basis," said fees must be deposited in the officers' salary fund.

## SUMMARY

The County Clerk of Falls County is entitled to the same fees in an eminent domain proceeding as in other civil causes in the county court. Articles 3266, 3267, and 3930, V.C.S. Since Falls County is on a "salary basis," said fees cannot be collected when the court costs are assessed against the State or County. When the court costs are assessed against the property owner, the fees of the county clerk must be deposited in the officers' salary fund.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

JR:mw:b:sl:mw

By *John Reeves*
John Reeves
Assistant

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL